UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES E. HOUSTON #438736,

       Petitioner,

                                                      File No.  2:06-CV-297

v.

                                                      HON. ROBERT HOLMES BELL

BARRY DAVIS,

       Respondent.
                                                   /

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      This matter is before the Court on Petitioner Charles E. Houston's objections to the Magistrate Judge's January 10, 2007, Report and Recommendation ("R&R"). (Pl.'s Objections to R&R, Docket #9.) This matter was referred to the Magistrate Judge to be preliminarily reviewed to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 Rules Governing § 2254. The Magistrate Judge found that Petitioner's claim is barred by the statute of limitations and therefore recommended that Plaintiff's claim be dismissed with prejudice. (R&R, Docket #8, at 3.) Petitioner objects to the Magistrate Judge's conclusion, contending that the statute of limitations should be equitably tolled.

This Court reviews *de novo* those portions of a R&R to which objections are made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations.

Petitioner does not dispute that the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1) began to run on August 29, 2005. Petitioner also does not dispute that he did not file his § 2254 petition until December 7, 2006. Petitioner instead contends that the statute of limitations should be equitably tolled because he is illiterate and had to have a "jailhouse lawyer" at a correctional facility other than the facility where Petitioner is incarcerated draft his habeas corpus petition. (Pl.'s Objections to R&R 2.)

"A court may, in certain circumstances, equitably toll the running of the one-year limitation period found in § 2244(d)(1)." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001)). Equitable tolling should, however, be applied "sparingly." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). To be entitled to equitable tolling of the limitations period, Plaintiff must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner does not make any allegations to support the conclusion that he has been pursuing his rights diligently. Petitioner's assertion that he was in contact with a "jailhouse lawyer" at another correctional facility does not indicate a diligent pursuit as Petitioner did

not provide a time-line for his contact with the "jailhouse lawyer." Therefore, the Court cannot find that Petitioner was diligently pursuing his rights as required under *Pace*.

"[A]n inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . ." *Cobas*, 306 F.3d at 444 (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)); *accord Vasquez v. Kingston*, 422 F. Supp. 2d 1006, 1010 (E.D. Wis. 2006) ("Vasquez's difficulties with English and his paralegal's unavailability . . . are not extraordinary circumstances entitling him to equitable tolling."). "[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations." *Cobas*, 306 F.3d at 444. Petitioner's illiteracy did not prevent him from filing a § 2254 petition or from filing objections to the R&R. As Petitioner's illiteracy has not prevented him from accessing the courts, Petitioner's illiteracy is insufficient to toll the statute of limitations.

Petitioner has not established either of the two elements required for the equitable tolling of the statute of limitations. In the absence of equitable tolling, Petitioner's claims are barred by the statute of limitations. 28 U.S.C.A. § 2244 (d)(1) (West 2006).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (Docket #9) to the Report and Recommendation of the Magistrate Judge are **DENIED** and the Report and Recommendation (Docket #8) is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that the habeas corpus petition is **DENIED** because it is barred by the statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner Charles E. Houston's application for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.

Date:     May 1, 2007                     /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      CHIEF UNITED STATES DISTRICT JUDGE